# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN NEPOMUCENO, | Civil Case No. 11-4532 (FSH) |
| Plaintiff, | **OPINION & ORDER** |
| v. | September 23, 2013 |
| ASTELLAS US LLC, et al., | |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Plaintiff's motion for reconsideration or clarification of the Court's July 9, 2013 Opinion and Order [Dkt. No. 100], which granted-in-part a motion for summary judgment filed by Defendants; and

it appearing that a motion for reconsideration is governed by Local Civil Rule 7.1(i); and

it appearing that Local Civil Rule 7.1(i) provides for the reconsideration of an order if the motion is filed within 14 days after entry of the disputed order; and

it appearing that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence," *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also P. Shoenfeld Asset Mgmt. LLC v. Cendent Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001), *Yurecko v. Port Authority Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 609 (D.N.J. 2003); and

it appearing that Local Civil Rule 7.1(i) requires that the moving party set forth "concisely the matters or controlling decisions which the party believes the Judge . . . has overlooked;" and

it appearing that "[a] party seeking reconsideration must show more than a disagreement with the Court's decision," *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990); and

it appearing that "[a] mere 'recapitulation of the cases and arguments considered by the court before rendering its original decision'" does not warrant reargument, *Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 18 F. Supp. 2d 464, 466 (D.N.J. 1998) (quoting *Carteret Savings Bank F.A. v. Shushan*, 721 F. Supp. 705, 706 (D.N.J. 1989)); and

it appearing that a court may grant a properly filed motion for reconsideration for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or fact or prevent manifest injustice, *Max's Seafood Cafe, By Lou-Ann, Inc. v. Max Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Database Am., Inc. v. Bellsouth Advertising & Publ'g. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)); *see also Carmichael v. Everson*, 2004 U.S. Dist. Lexis 11742, *2-3 (D.N.J. May 21, 2004); *Miletta v. United States*, Civ. No. 02-1349, 2005 WL 1318867, *8 (D.N.J. May 27, 2005); and

it appearing that a motion for reconsideration is improper when it is used to "'ask the Court to rethink what [it] had already thought through — rightly or wrongly,'" *Ciba-Geigy Corp. v. Alza Corp.*, Civ. No. 91-5286, 1993 WL 90412, *1 (D.N.J. March 25, 1993) (quoting *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990), *rev'd on other grounds*, 989 F.2d 635 (3d Cir. 1993); and

it appearing that because reconsideration of a judgment after its entry is an extraordinary remedy, motions to reconsider or reargue are granted "very sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); and

it appearing that disagreement with the Court's initial decision as the basis for bringing a motion "should be dealt with in the normal appellate process, not on a motion for reargument," *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); and

it appearing that (1) there has been no intervening change in controlling law; (2) Plaintiff has not presented new evidence that was not available for the Court to consider; and (3) there has been no clear error of law or fact or manifest injustice;[1] and

---

[1] Plaintiff claims that the Court should reconsider its decision dismissing his Title VII retaliation claim and state law claims because of a clear error of fact and law. Plaintiff argues that the Court committed three errors. First, he argues that the Court erred when it stated that Diana Betts, a former employee of Defendants, "resigned." Plaintiff argues that there is no evidence in the record that Betts "resigned," and that Betts and Plaintiff were both targeted by Defendants as problem employees because of alleged retaliation based on gender discrimination and alleged retaliation due to complaints about Defendants' off-label promotion of products. Plaintiff argues that this provides the reason for why Defendants searched Betts' email. Second, Plaintiff argues that there was no evidence that Defendants enforced their email policy. In support of this proposition, Plaintiff argues that Lapham provided inconsistent testimony regarding Defendants' email policy and why he searched Betts' email. Plaintiff also argues that he proffered evidence that shows Defendants did not enforce their email policy. Third, Plaintiff argues that he adequately identified comparators, to wit, other representatives that left the employment. Simultaneously, Plaintiff argues that he cannot provide a comparator because Defendants do not enforce their email policy.

None of Plaintiff's proffered factual "errors" entitle Plaintiff to reconsideration. First, the manner in which Betts' employment ended is of no moment to this case. For example, the Court found, *inter alia*, that no reasonable fact finder "could infer causation between his alleged protected activity and his termination." (Opinion at 12.) The Court also found that "Defendants have provided a legitimate, non-retaliatory reason for both the revocation of the CFT title . . . and for Plaintiff's termination." How Betts left Defendants' employment does not change these conclusions and cannot support reconsideration. *See Caldwell v. Atl. County Animal Shelter*, Civ. No. 08-4101, 2009 WL 2407408, *2 (D.N.J. Aug. 4, 2009) ("Plaintiff's motion for reconsideration must fail because Plaintiff has not shown that the Court overlooked 'dispositive factual matters or controlling decisions of law.'"). Second, Plaintiff attempts to re-argue his selective enforcement theory that has already been addressed by this Court. And as previously stated, Lapham's testimony regarding, *inter alia*, why he searched Betts' email is not contradictory. (Opinion at 12.) Moreover, even if Lapham's testimony were inconsistent,

it appearing that Plaintiff filed reply papers without seeking the Court's authorization as required by Local Rule 7.1(d)(3). Therefore, the Court will not consider Plaintiff's additional arguments set forth in its reply brief[2]; and

it appearing that Plaintiff also seeks "clarification" of the Court's Order; and

it appearing that the Court's Order is clear and unambiguous;

it is therefore on this 23rd day of September 2013,

**ORDERED** that Plaintiff's motion for reconsideration is **DENIED**, and it is further

**ORDERED** that Plaintiff's reply brief should be **STRUCK** from the docket, and it is further

**ORDERED** that Plaintiff's motion for clarification is **DENIED**.

---

"pointing to a single inconsistency does not automatically overcome a legitimate, non-discriminatory [or nonretaliatory] reason for termination." (*Id.*) Third, Plaintiff's arguments with respect to his alleged comparator still fail to identify someone who "engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or their employer's treatment of them for it." (*Id.*) The conduct at issue is the content Plaintiff's email, not the fact that Betts' email was searched.

Moreover, Plaintiff raised all of these arguments in his summary judgment papers, thus these arguments are a recapitulation of the arguments considered by the court before rendering its original decision. *See Elizabethtown Water*, 18 F. Supp. 2d at 466. That an issue was not explicitly mentioned in this Court's decision does not mean it was overlooked. *Ashton v. AT&T Corp.*, Civ. No. 03-3158, 2006 U.S. Dist. LEXIS 4787, *4-*5 (D.N.J. Feb. 2, 2006); *Byrne v. Calastro*, Civ. No. 05-68, 2006 WL 2506722, at *2 (D.N.J. Aug. 28, 2006). An argument may be regarded as having been considered if it is presented to the court in written submissions. *Eichorn v. AT&T Corp.*, 1999 WL 33471890 (D.N.J. Aug. 23, 1999). The Court considered these arguments and facts, in addition to the numerous other arguments Plaintiff raised in its submissions, and after careful analysis, explained in its decision that "Plaintiff has failed to adduce evidence from which a reasonable fact finder could infer causation between his alleged protected activity and his termination. He thus failed to establish a *prima facie* case of Title VII retaliation." (Opinion at 12.) In addition, the Court found "that even if plaintiff had established a *prima facie* case of retaliation, Defendants have provided a legitimate, non-retaliatory reason for both the revocation of the CFT title (a national, nondiscriminatory reduction in the number of CFTs), and for Plaintiff's termination (Plaintiff's vulgar and venomous email)." (*Id.*)

[2] The Court need not consider this unauthorized filing. *See, e.g.*, *Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 n.2 (D.N.J. 2010). Moreover, even after Defendants notified Plaintiff and the Court of Plaintiff's lack of compliance with the Local Rules, Plaintiff failed to seek permission to file his reply.

/s/ Faith S. Hochberg_____
Hon. Faith S. Hochberg, U.S.D.J.